UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| GEORGE LEON DENNING, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00153-SEB-KMB |
| | ) | |
| ALTEC ALUMINIUM, | ) | |
| RICHARD Supervisor, | ) | |
| ALTON Team Lead, | ) | |
| CHRIS Supervisor, | ) | |
| MARK Head of HR, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Self-represented Plaintiff George Leon Denning, III ("Mr. Denning"), proceeding *in forma pauperis*, brought this employment discrimination action against his former employer, Defendant Altec Aluminum[1] ("Altec"), and his former supervisors and managers, Richard, Alton, Chris, and Mark (hereinafter, the "Individual Defendants"). Now before the Court is Defendants' unopposed Motion to Dismiss or, Alternatively, for a More Definite Statement, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). Dkt. 11. For the reasons stated below, Defendants' motion is **GRANTED**.

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

---

[1] According to Altec, its correct name is Patrick Aluminum, Inc. d/b/a Altec Aluminum Technologies. Dkt. 12 at 1. For clarity, we shall continue to refer to it as "Altec."

1

*v. Twombly*, 550 U.S. 544, 570 (2007). A claim becomes facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, courts must construe "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). However, courts need not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011). *Pro se* complaints, such as that filed by Mr. Denning here, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## BACKGROUND

On August 8, 2025, Mr. Denning filed this lawsuit alleging that Altec and the Individual Defendants unlawfully discriminated against him on the basis of his race, color, gender/sex, and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (race, color, and gender/sex); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, *et seq.* (disability); and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* (age). Mr. Denning alleges that, on or around May 23, 2025, Defendants terminated his employment, failed to promote him, failed to accommodate his disability, and imposed unequal terms and conditions on his employment. Dkt. 1 at 4. Mr. Denning avers as follows: "I was getting

2

cussed at[;] made to hurry on my hndycap [sic] plantar fascitis[;] [sic] not evaluated after 90 days." *Id.* at 5.

On August 13, 2025, we granted Mr. Denning leave to proceed *in forma pauperis* and permitted this action to proceed under 28 U.S.C. § 1915(e)(2), though our screening entry specified that it was "without prejudice to the filing of a proper Rule 12 motion" by Defendants. Dkt. 6 at 1, 4.

On October 14, 2025, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement under Federal Rule of Civil Procedure 12(e). Dkt. 11. Mr. Denning has filed no response, and the deadline for doing so has now passed. S.D. Ind. L.R. 7-1(c)(2). Accordingly, Defendants' motion is ripe for ruling.

## DISCUSSION

In support of their motion, the Individual Defendants argue that Mr. Denning's claims against them must be dismissed with prejudice because Title VII, the ADA, and the ADEA authorize suits against employers only—not individuals "who are agents of the employer . . . ." *Passananti v. Cook Cnty.*, 689 F.3d 655, 662 n.4 (7th Cir. 2012) (Title VII); *U.S. Equal Emp. Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir. 1995) (ADA); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (ADEA). As for Mr. Denning's remaining claims, Altec maintains that Mr. Denning has failed to plead sufficient facts describing the alleged discrimination that he experienced or relating his protected characteristics—namely, his race, color, gender/sex, and disability—to any alleged adverse employment action. Dkt. 12

3

at 6–13. Additionally, Defendants contend, an employment discrimination plaintiff must exhaust his administrative remedies prior to bringing suit in federal court. Here, although Mr. Denning alleges that he properly filed a charge of discrimination and received notice of his right to sue, he has failed to disclose *when* such events occurred or to attach a copy of his right to sue, as instructed by the *pro se* form complaint utilized in this action. *Id.* at 13.

Alternatively, Defendants request that Mr. Denning file an amended complaint containing a more definite statement as to when he received notice of his right to sue and attaching a copy of his charge of discrimination as well as his right to sue notice. *Id.* at 14.

As noted above, Mr. Denning has not filed a response to Defendants' motion. Typically, "[f]ailure to respond to an argument," as has occurred here, "results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). *See also Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants."). Consistent with this legal precedent, our Local Rules provides that "[t]he court may summarily rule on a motion if an opposing party does not file a response within the deadline." S.D. Ind. L.R. 7-1(c)(5). Applying these rules to the case at bar, Defendants' motion to dismiss the Complaint shall be **granted** accordingly. Dkt. 11.

## CONCLUSION

For these reasons, Defendants' unopposed Motion to Dismiss or, Alternatively, for a More Definite Statement is hereby **GRANTED**, dkt. 11, as follows: Mr. Denning's claims

against the Individual Defendants are **DISMISSED with prejudice**; Mr. Denning's remaining claims against Altec are **DISMISSED without prejudice**.

Mr. Denning shall have **TWENTY-ONE (21) DAYS** from the date of this Order within which to file an amended complaint describing in detail the alleged incidents of discrimination he experienced, disclosing the date that he received notice of his right to sue, and attaching his right to sue letter. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) (endorsing the rule that *pro se* plaintiffs be provided the opportunity to amend their pleadings at least once). If Mr. Denning fails to file an amended complaint within the time allotted, this action may be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Date: 11/14/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GEORGE LEON DENNING, III
1618 Spring St.
Jeffersonville, IN 47130

James Robert Strickland
Faegre Drinker Biddle & Reath LLP
james.strickland@faegredrinker.com